# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00136-MR-DLH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **1585 AMHERST ROAD, MORGANTON,** ) | |
| **BURKE COUNTY, NORTH CAROLINA,** ) | |
| as described in a Deed at Book 1455, ) | |
| Pages 36-39 in the Burke County Registry, ) | **O R D E R** |
| being real property, together with the ) | |
| residence, and all appurtenances, ) | |
| improvements, and attachments thereon, ) | |
| ) | |
| Defendant, ) | |
| _____) | |
| ) | |
| **RANDY BENTON,** ) | |
| ) | |
| Claimant. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Motion to Strike [Doc.12] filed by the Government and on the Motion to Dismiss the Government's Motion to Strike filed by Randy Benton ("Claimant"). [Doc. 13]. For the reasons that follow, the Court will deny the Government's motion and grant the Claimant's motion.

## BACKGROUND

The Government commenced this *in rem* forfeiture action against real property Defendant 1585 Amherst Road, Morganton, North Carolina, by filing its verified Complaint on June 4, 2014. [Doc. 1]. Claimant, a layman acting *pro se* in this action, is the owner of record of Defendant real property. [Id. at 2]. After filing its Complaint, the Government received a letter from the Claimant, who is presently serving a sentence of imprisonment in the North Carolina Department of Corrections, and filed it herein on the Claimant's behalf. [Doc. 5]. The Court construed Claimant's letter as a motion requesting an extension of time within which to file a claim in this proceeding and allowed Claimant additional time to file such a claim. [Doc. 7]. On August 1, 2014, Claimant filed a verified claim asserting ownership over Defendant property. [Doc. 9]. After submitting his claim, Claimant filed no Answer.

On September 26, 2014, the Court entered an Order directing Claimant to file and serve an Answer, pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or a motion, under Rule 12 of the Federal Rules of Civil Procedure, within 21 days. [Doc. 10]. Claimant filed a hand-written document with the Court on October 29, 2014, that he asserts is an Answer. [Doc. 11]. On

November 11, 2014, the Government filed a Motion to Strike Claim. [Doc. 12]. As its sole basis for seeking to strike the claim, the Government asserts, "Claimant Randy Benton has filed no Answer." [Doc. 12-1 at 2]. Claimant replied to the Government's Motion to Strike with his Motion to Dismiss, filed on November 19, 2014, alleging he had filed an Answer and the basis therefor. [Doc. 13]. The Government responded to Claimant's Motion to Dismiss on December 8, 2014, again asserting "[t]he Claimant still has not filed an Answer as he was required to do by Rule G(5)(b)." [Doc. 14]. The Government's Motion to Strike [Doc.12] and the Claimant's Motion to Dismiss the Government's Motion to Strike [Doc. 13] are now ripe for the Court's review.

## DISCUSSION

The Court begins with the understanding that the Claimant is appearing in this proceeding *pro se*. The Claimant is not learned in the law even though the Court notes, based on the Claimant's various filings, his notable attempts at legal research and his consistent efforts to file what he believes to be proper documents. To complicate matters, Claimant is in state prison and thus precluded from attending to his affairs in a manner that persons who enjoy their normal freedoms take for granted. For example, the Claimant is wholly dependent upon the North Carolina

3

Department of Corrections to process his incoming and outgoing mail. Unlike counsel appearing before this Court, the Claimant does not have the benefit of instantaneous electronic filing for the service and receipt of documents. Obviously, he cannot travel to a post office to mail a letter or engage a courier to transmit a package by over-night means. The timing of his receipt of mail is utterly outside of his control.

Despite all of these limitations, the Claimant filed a claim on August 1, 2014. [Doc. 9]. Thereafter, by Order filed September 26, 2014, the Court notified the Claimant of his obligation to file a pleading responsive to the Government's Complaint and permitted the Claimant twenty-one days from the entry of such Order to do so. [Doc. 10 at 6]. This period of time, together with the additional 3 days permitted when service is accomplished by mail, see Fed.R.Civ.P. 6(d), established the Claimant's filing deadline as October 20, 2014. Here, the Claimant executed and delivered his document to prison officials on October 21, 2014, effectively "filing" his motion one day beyond the period prescribed by the Court. [Doc. 11 at 2]. See Houston v. Lack, 487 U.S. 266, 276 (1988) (explaining "mailbox" rule that a document is filed at the time an inmate delivers it to the prison authorities for forwarding to the court clerk). Given the fact that the Claimant did not receive the Court's Order setting forth his filing timeframe

4

until October 1, 2014, five days after the Order was entered [Doc. 13-2], and given the fact that the Claimant filed his document within twenty-one days of his receipt of the Court's Order, the Court will excuse the Claimant's one-day lapse.

The Court now turns to the Government's contention that the Claimant has not filed any Answer. The Claimant argues that the document he filed and appearing on the Docket as entry number 11 is his Answer. [Doc. 13-1 at 1]. The Government does not acknowledge this document. Instead, it filed a Motion to Strike Claim on November 4, 2014, asserting that the Claimant failed to file an Answer at all. [Doc. 12]. While the Claimant's Answer may not appear as a conventional responsive pleading in many respects, the Claimant maintains that it is his Answer. Further, the Court notes that a portion of the Claimant's "Affidavit of Fact" and "Memorandum of Law," filed after the Government's Motion to Strike, is somewhat more responsive to the Government's Complaint. [Doc. 13-1 at 4]. The Court, therefore, will construe Document 13-1 as the Claimant's amendment to his Answer permitted as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Since the Government's sole basis for seeking to strike the claim herein is Claimant's alleged failure to

5

file and Answer, and since the Claimant has filed an Answer, the Government's Motion to Strike should be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Strike [Doc.12] is **DENIED** and the Defendant's *pro se* Motion to Dismiss the Government's Motion to Strike [Doc. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within fourteen days of the entry of this Order, the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an Initial Attorney's Conference as required by Local Rule 16.1.

**IT IS SO ORDERED.**

Signed: December 23, 2014

Martin Reidinger
United States District Judge