# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00136-MR-DLH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| **1585 AMHERST ROAD,** ) | |
| **MORGANTON, BURKE COUNTY,** ) | |
| **NORTH CAROLINA,** as described in ) | |
| a Deed at Book 1455, Pages 36-39 in ) | |
| the Burke County Registry, being ) | |
| real property, together with the ) | |
| residence, and all appurtenances, ) | |
| improvements, and attachments ) | |
| thereon, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |
| ) | |
| **RANDY BENTON,** ) | |
| ) | |
| Claimant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Summary Judgment on Claim of Randy Benton and for Final Judgment of Forfeiture [Doc. 31].

I.   PROCEDURAL BACKGROUND

The Government commenced this *in rem* forfeiture action against real property Defendant 1585 Amherst Road, Morganton, North Carolina, by filing its verified Complaint on June 4, 2014. [Doc. 1]. The Claimant Randy Benton, is the owner of record of Defendant real property. [Id. at 2]. After filing its Complaint, the Government received a letter from the Claimant, who is presently serving a sentence of imprisonment in the North Carolina Department of Corrections, and filed it herein on the Claimant's behalf. [Doc. 5]. The Court construed the Claimant's letter as a motion requesting an extension of time within which to file a claim in this proceeding and allowed the Claimant additional time to file such a claim. [Doc. 7]. On August 1, 2014, the Claimant filed a verified *pro se* claim asserting his ownership of Defendant property.[1] [Doc. 9]. After submitting his claim, the Claimant filed no Answer.

---

[1] On June 7, 2014. pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States published on an official Government website (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of this forfeiture and of the Government's intent to dispose of the forfeited property in accordance with the law, and further notifying all third parties of their right to file a verified Claim with this Court within sixty (60) days from the first day of publication of internet notice, as evidenced by the Declaration of Publication filed July 15, 2014. [Doc. 8]. No other claims were filed.

On September 26, 2014, the Court entered an Order directing the Claimant to file and serve an Answer, pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or a motion, under Rule 12 of the Federal Rules of Civil Procedure, within 21 days. [Doc. 10]. The Claimant filed a hand-written document with the Court on October 29, 2014, that he asserted was an Answer. [Doc. 11]. On November 11, 2014, the Government filed a Motion to Strike Claim on the grounds that the Claimant had failed to file an Answer. [Doc. 12]. The Claimant in turn moved to dismiss the Government's Motion to Strike. [Doc. 13].

On December 23, 2014, the Court entered an Order denying the Government's Motion to Strike. [Doc. 15]. Thereafter, the Claimant requested that the Court appoint him counsel. [Doc. 16]. The Court granted the Claimant's request and directed the Legal Services Corporation to appoint an attorney to represent the Claimant in this matter. [Docs. 19, 20]. On March 27, 2015 attorneys Meredith Gregory and Hilary Ventura filed notices of appearance on behalf of the Claimant. [Docs. 21, 22].

On April 17, 2015, the Claimant filed a motion to stay this action due to pending state criminal proceedings, <u>North Carolina v. Randy Scott Benton</u>, 14CRS001520 [Doc. 24]. The Government agreed to a stay. [Doc. 25]. On

April 25, 2015, the Court entered an Order staying this case for 90 days. [Doc. 27]. On July 22, 2015, the Government, with the agreement of the Claimant, filed a motion to continue the stay for an additional 120 days. [Doc. 29]. On July 27, 2015, the Court entered an Order continuing the stay for 120 days, that is, until on or about November 27, 2015. [Doc. 30].

On November 30, 2015, the Government filed the present motion for summary judgment against the Claimant and for a final order of forfeiture. [Doc. 31]. To date, the Claimant has not filed any opposition to the Government's Motion.

## II.  THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." News and Observer Pub. Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record. Fed. R. Civ. P. 56(c)(1). "Regardless

4

of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact."  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).  If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist.  Id.

In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).  Where the non-moving party has not responded to the motion, however, the Court may consider the forecast of evidence presented by the movant to be undisputed for the purposes of the present motion.  See Fed. R. Civ. P. 56(e)(2).

### III.  FACTUAL BACKGROUND

In light of the Claimant's failure to respond to the Government's Motion, the following forecast of evidence is not in dispute.

The Claimant is the sole owner of record of the real property located at 1585 Amherst Road, Morganton, North Carolina.  [Verified Complaint, Doc.

1 at ¶ 7; Warranty Deed, Doc. 32-3]. The Claimant has owned the Defendant property since April 2005. [Verified Complaint, Doc. 1 at ¶ 8].

On September 25, 2012, Burke County Narcotics Task Force assisted North Carolina Probation and Parole in conducting a search of 1585 Amherst Road, Morganton, North Carolina. [Id. at ¶ 9]. During the search officers located a firearm, fourteen (14) dose units of Clonazepam, and drug paraphernalia. [Id. at ¶ 10]. As a result of the September 25, 2012 search, the Claimant pleaded guilty to possession of a firearm by a felon in Burke County Superior Court on October 31, 2013, and received a sentence of thirteen to twenty-five months' imprisonment. [Id. at ¶ 11].

Beginning in June 2013, the Burke County Sheriff's Office, utilizing confidential informants, conducted a series of controlled purchases from the Claimant and others at the Defendant property. [Id. at ¶¶ 12-18].

On November 20, 2013, the Burke County Drug Task Force and Burke County SWAT executed a North Carolina State Search Warrant on the Defendant property. [Id. at ¶ 19]. Upon arrival to execute the search warrant, the officers discovered the Claimant[2] seated in the driver's seat of a car parked in the driveway of the residence. [Id. at ¶ 20]. During the search of

---

[2] It is unclear from the Verified Complaint how the Claimant was at the property only three weeks after receiving a 13 to 25-month sentence.

the Claimant's person, officers discovered a Krazy Glue container with fourteen dose units of 30 milligrams of morphine, four dosage units of one milligram of Alprazolam, and a clear plastic baggie containing approximately one gram of Methamphetamine. [Id. at ¶ 21]. Additionally, the Claimant had $791.00 in his wallet and an additional $5,000.00 banded by rubber bands in his coat pocket. [Id. at ¶ 22].

During the search of the subject property, a small plastic medicine bottle was recovered from the kitchen containing twenty-five dose units of 30mg morphine, forty dose units of 1mg Alprazolam, two dose units of 5mg Hydrocodone, ten dose units of Methadone, and twenty-four dose units of 5mg Oxycodone. [Id. at ¶ 25]. Also recovered from the kitchen was a grocery bag containing numerous pill bottles for various prescriptions with various individuals' names on them, a set of digital scales, and a glass pipe routinely used for smoking methamphetamine. [Id. at ¶ 26]. Three grams of marijuana were located inside a pink sock in the drawer of the nightstand in the master bedroom. [Id. at ¶ 27]. Numerous items of drug paraphernalia were seized from the master bedroom including: (a) a book titled <u>Know Your Prescription Medications</u>; (b) two syringes with a white powdery substance on the nightstand; (c) two spoons with a white powdery residue and burn marks also from the nightstand; (d) and a package of rolling papers. [Id. at

¶ 28]. A Taurus .357 Revolver was located under the driver's seat of a disabled 1988 Isuzu Trooper parked in the backyard of the residence. [Id. at ¶ 29]. A black canvas bag containing $21,015.00 in United States Currency was located in a metal outbuilding under the hood of a Cub Cadet lawn mower. [Id. at ¶ 30]. The $21,015.00 was found folded into $1,000.00 folds and then banded together by rubber bands in $5,000.00 stacks. [Id. at ¶ 31].

On September 1, 2015, the Claimant pleaded guilty and was convicted of attempted trafficking in opium/heroin, possession of methamphetamine, and possession with intent to sell and deliver a Schedule II controlled substance in the case of North Carolina v. Randy Scott Benton, 14CRS001520, in North Carolina Superior Court, Morganton, Burke County, North Carolina. [Judgment, Doc. 32]. He was sentenced to a term of 100-132 months' imprisonment. [Id.].

Donny Dellinger is a police officer with the City of Morganton, Burke County, North Carolina. [Affidavit of Donny Dellinger, Doc. 32-1]. Dellinger participated in the investigation of this civil forfeiture case, and he signed and verified the facts in the Verified Complaint. He was also the principal investigator in North Carolina v. Randy Scott Benton, 14CRS001520. [Id.]. Dellinger states that the acts constituting the Claimant's drug trafficking convictions in North Carolina v. Randy Scott Benton, 14CRS001520, all

8

occurred on November 20, 2013, within and around the Defendant property. [Id.]. Further, the transcript of the Claimant's plea hearing reflects that the events comprising the factual basis for these convictions occurred at the Claimant's residence on November 20, 2013. [Transcript, 32-2 at 10].

IV. **DISCUSSION**

Pursuant to 21 U.S.C. § 881, any "real property . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate" drug trafficking is subject to forfeiture. 21 U.S.C. § 881(a)(7). It is pursuant to this provision that the Government seeks civil forfeiture of the Defendant property in this case.

The Government bears the initial burden of establishing by a preponderance of the evidence that the subject property is subject to forfeiture. 18 U.S.C. § 983(c)(1); United States v. Sims, 578 F. App'x 218, 219 (4th Cir. 2014) (per curiam). Further, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); Sims, 578 F. App'x at 219. Once the Government has presented its *prima facie* case, the burden then shifts to the claimant to demonstrate that he or she is an

innocent owner of the property. See United States v. Munson, 477 F. App'x 57, 65-66 (4th Cir.), cert. denied, 133 S.Ct. 315 (2012).

Here, the undisputed forecast of evidence presented by the Government demonstrates that the Defendant property, which was owned solely by the Claimant, was the site of drug trafficking carried out by the Claimant and others. Accordingly, the Government has met its burden of establishing a substantial connection between the Defendant property and the commission of drug trafficking offenses. Further, the Claimant has failed to present any forecast of evidence to defeat the Government's forfeiture claim. Accordingly, the Court will grant summary judgment in favor of the Government, and the Claimant's claim will be dismissed.

**IT IS, THEREFORE, ORDERED** the Government's Motion for Summary Judgment [Doc. 31] is **GRANTED**, and the Claim of Randy Benton is hereby **DISMISSED**. There being no other claims filed with respect to the Defendant property, Court will enter a Final Judgment of Forfeiture herewith.

**IT IS SO ORDERED.**

Signed: February 29, 2016

*[Signature]*

Martin Reidinger
United States District Judge